## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. ED CV 21-01579-DOC-SHK                    Date:  December 7, 2021

Title: LOPEZ LUGO V. FCA US LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT [13]**

Having considered the parties' supplemental briefing on remand, the Court hereby REMANDS this case to the San Bernardino County Superior Court.

## I.   Background

### A.   Facts

The following facts are drawn from Plaintiff Lopez Lugo's ("Plaintiff") Complaint ("Compl.") (Dkt. 1-1). Plaintiff alleges that Defendant FCA US, LLC ("FCA," "Defendant FCA" or "Defendant") violated California's Lemon Law, the Song-Berly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq*), and committed Fraud by, among other things, selling a defective vehicle to Plaintiff, failing to repair the Subject Vehicle within a reasonable number of attempts and refusing to provide restitution even though FCA knew that the Vehicle was defective. *See* Compl. ¶ 1-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 21-01579-DOC-SHK                                     Date: December 7, 2021
                                                                                          Page 2

### B.    Procedural History

Plaintiff originally filed suit in the Orange County Superior Court, on June 18, 2021. *See generally* Compl. On September 16, 2021, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1). On November 5, 2021, Plaintiff motioned to remand the case to state court (Dkt. 13). Defendant filed its opposition on November 22 ("Opp'n") (Dkt. 16), and Plaintiff replied on November 29 ("Reply") (Dkt. 18).

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 21-01579-DOC-SHK                    Date: December 7, 2021
                                                    Page 3

complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

    A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

    While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

    If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 21-01579-DOC-SHK                    Date: December 7, 2021
                                                                             Page 4

## III.    Discussion

Defendant argues that this Court has diversity jurisdiction in this action. *See generally* Notice of Removal. The Court disagrees.

Defendant argues that Plaintiff's actual damages—coupled with the civil penalties, punitive damages, and attorneys' fees—Plaintiffs seek, is greater than $75,000. *See* Opp'n at 15. Defendant asserts that Plaintiff's actual damages are the value of the vehicle, which it estimates at approximately $54,916.22. *Id.* at 16. Defendant further alleges Plaintiff is requesting civil penalties of up to twice the actual damages amount, which would be $103,832.44. *Id.* Defendants also point to attorneys' fees and penalties to suggest that the amount in controversy is satisfied. *Id.* at 16-18.

The Court will not include speculative civil penalties, penalties, and attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful Song-Beverly plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages. Cal. Civ. Code §§ 1794 (c). If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain. *See Edwards v. Ford Motor Co.*, No. 16-cv-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016). Here, Defendant has not offered any evidence to support such an award, and thus, the Court is unable to determine what civil penalties might be imposed. *See D'Amico v. Ford Motor Company*, 2020 WL 2614610, at *3 (C.D. Cal. May 21, 2020) ("As explained, courts do not simply assume that a civil penalty will be awarded, and the removal statute is strictly construed against removal jurisdiction.").

Moreover, the Ninth Circuit held that a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). Here, Defendant merely makes an estimate of attorneys' fees based on unsubstantiated statements, but this is not sufficient to meet its burden. *See* Opp'n at 20 ("Plaintiffs' attorneys in Song Beverly cases tried or prepared for trial regularly request more than $ 65,000.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 21-01579-DOC-SHK                         Date: December 7, 2021
                                                        Page 5

As such, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

**IV.    Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the San Bernardino County Superior Court and **VACATES** the motion on the hearing.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                  Initials of Deputy Clerk: kd

CIVIL-GEN